# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESSEX INSURANCE COMPANY,** : | No. 3:07cv180 |
| **Plaintiff** : | |
| : | (Judge Munley) |
| **v.** : | |
| : | |
| **GILBERT WEINBERGER, INC.,** : | |
| **PEDMAR, INC.,** : | |
| **IMPERIAL OIL & SERVICE** : | |
| **COMPANY, and** : | |
| **GILBERT WEINBERGER,** : | |
| **Defendants** : | |

## MEMORANDUM

Before the court for review is plaintiff's complaint (Doc. 1) seeking declaratory judgment under 28 U.S.C. § 2201, *et seq.*, the Declaratory Judgment Act. Because we decline to exercise jurisdiction, we will dismiss the case *sua sponte*.

**Background**

Plaintiff filed the instant action for declaratory judgment in this court on January 30, 2007 (Doc. 1). The complaint arises out of an action filed in August 2005 against the defendants in this case in the Court of Common Pleas of Lackawanna County, Pennsylvania. See Jenkin v. Goldstein, No. 05-CV3187 (Court of Comm. Pleas of Lackawanna County, August 10, 2005). Those defendants are insured by the plaintiff in this action. The complaint alleged that defendants had damaged the plaintiffs' property by improperly constructing a private road. Plaintiffs

sought monetary damages from the state court defendants based on allegations of common law absolute liability, negligence per se, private nuisance, negligence, negligent infliction of emotional distress, intentional retaliatory destruction of property, intentional retaliatory infliction of emotional distress, tortious interference with existing business relationships and tortious interference with prospective business relationships. (Complaint (hereinafter "Complt.") (Doc. 1) at ¶ 25). Plaintiff in this action provided a commercial liability policy to the defendants in the state court suit, and that plaintiff seeks a declaration that under the terms of the policy the plaintiff has no duty to indemnify or defend in the state court suit. Plaintiff includes as exhibits to its complaint copies of the insurance policy and the state court lawsuit.

**Jurisdiction**

The complaint asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332, since the plaintiff is a Delaware Corporation with its principal place of business in Virginia and defendants are Pennsylvania corporations with their principal place of business in the Commonwealth of Pennsylvania. Plaintiff alleged that the amount in controversy exceeded $75,000.[1] We also have subject matter jurisdiction under 28

---

[1] Plaintiff asserted venue in this court pursuant to 28 U.S.C. § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim in this matter occurred in the Commonwealth of Pennsylvania." (Complt. at ¶ 8). We note that venue would be satisfied only if the events or omissions at issue occurred in the *Middle* District of Pennsylvania. The facts giving rise to the complaint, however, clearly occurred in Lackawanna County, Pennsylvania. That county is in the Middle District of Pennsylvania. We will assume that plaintiff's failure to allege venue in the Middle District was oversight or an error in drafting.

2

U.S.C. § 1331 because the case arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

**Discussion**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).  The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  The Third Circuit Court of Appeals has concluded that a court's decision whether to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001).  Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135.  These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to

3

predicting it." Id.  A court may *sua sponte* exercise its discretion not to hear a case under the Declaratory Judgment Act.  Id. at 136.

The question here is therefore whether we should exercise our discretion to decline to hear a declaratory judgment action when a related matter has been pending in state court for eighteen months.[2]  The plaintiff in the instant action seeks to have this court declare that it has no duty to defend or indemnify the defendants in the underlying state court suit.[3]  Any judgement we issue in this case would turn on contract interpretation under state law, and would depend largely on applying well-settled principles of Pennsylvania law to the factual occurrences that gave rise to the state-court suit.  Plaintiff does not ask us to resolve questions of federal statutory or constitutional law which we might be peculiarly qualified to answer.  In short, plaintiff seeks to have this court issue a judgment, based on state law, that will allow the insurance company to avoid any potential obligations in the state suit.  A state court can as easily answer these questions as we can, and there is no need to resort to a

---

[2] We acknowledge that this proceeding is not "parallel" to a proceeding in state court, as was the case in Summy and Wilton.  We agree with the court in Nationwide Mutual Ins. Co. v. Yungwirth, No. Civ. A. 04-1681, 2005 WL 3070907, *2, (W.D. Pa. Nov. 15, 2005), which concluded that the presence of a parallel state court action was not a determinative factor in the decision not to exercise jurisdiction over a declaratory judgement action.  As in that case, where the court determined that declining jurisdiction was appropriate because of a "lack of any federal interest in this dispute," this case addresses a state-law issue that implicates no federal interest.  Id.

[3] We note that it would be premature for us to determine whether plaintiff has a duty to indemnify.  No court has declared any financial obligation resulting from the state court action, and there is therefore no case or controversy regarding whether plaintiff is required to pay monies under the policy.

federal forum to do so.  See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").  Adding our opinion to those of the state court in this case would make the matter unnecessarily more complex.  We could not rule on the issues in this case and promote the principle of judicial efficiency.

Accordingly, we find that our interest in comity and respect for the judgments of state courts compels us to use our discretion to decline to exercise jurisdiction in this case.  See id. (holding that "[t]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum.  When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts."). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ESSEX INSURANCE COMPANY,** | : | No. 3:07cv180 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| **GILBERT WEINBERGER, INC.,** | : | |
| **PEDMAR, INC.,** | : | |
| **IMPERIAL OIL & SERVICE** | : | |
| **COMPANY, and** | : | |
| **GILBERT WEINBERGER,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW,** to wit, this 2nd day of February 2007, the plaintiff's complaint (Doc. 1) under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et cet.*, is hereby **DISMISSED** *sua sponte*. The Clerk of Court is directed to close the case.

  BY THE COURT:

  **s/ James M. Munley**
  **JUDGE JAMES M. MUNLEY**
  **United States District Court**